THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILES S. HANSON, JR., <br> Plaintiff, <br><br> v. <br><br> CHARLES K. CHEGE and <br> JOHN HERSHISER III, <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO: 4:20-cv-386 |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Miles S. Hanson, Jr. ("Plaintiff" or "Mr. Hanson") files this First Amended Complaint against Defendants Charles K. Chege ("Defendant Chege") and John Hershiser III ("Defendant Hershiser").

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves claims arising under the United States Constitution.

2. This Court has personal jurisdiction over Defendants because Defendants resided and worked in Texas, and the claim arose from Defendants' presence in Texas.

3. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Southern District of Texas.

### PARTIES

4. Plaintiff is a former inmate at the Texas Department of Criminal Justice ("TDCJ"). Plaintiff was released from TDCJ custody on October 26, 2018 and now resides in Harris County, Texas.

**PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 1**

5. Defendants are present or former correctional officers with TDCJ, sued in both individual and official capacities. Defendant Chege is no longer a TDCJ employee, but Defendant Hershiser still works for TDCJ as a correctional officer.

6. Defendant Chege resides at one of the following two addresses: (1) 909 Avenue H., Huntsville, Texas 77320 or (2) 4244 Roaring Timber Drive, Conroe, Texas 77304. Service of process can be made at either address or wherever he may be found.[1]

7. Defendant Hershiser resides in Texas. Service of process can be made on him at TDCJ John M. Wynne Unit, 810 FM 2821, Huntsville, Texas 77349, between 8:00 a.m. and 5:00 p.m..

## FACTUAL BACKGROUND

8. On January 27, 2018, Mr. Hanson was an inmate at the Wynne Unit in Huntsville, Texas.

9. That evening, Mr. Hanson was handcuffed with his hands behind his back and escorted from his cell to the A3-Third floor stairs by one of the Defendants.[2] Upon arriving at the top of stairs, one of the Defendants was holding on to Mr. Hanson's right sleeve. At approximately 18:13, one of the Defendants pushed Mr. Hanson down the flight of stairs while Mr. Hanson was still handcuffed.

---

[1] It is unclear which address is Defendant Chege's current residence. There are signs of residency at both addresses. One background report lists the Huntsville address as his most recent address, but utilities are still connected at both addresses as of October 2021. Also, the Conroe address is still listed as his homestead in tax records.

[2] Despite the Court's order compelling the State Attorney General's Office to produce documents establishing which Defendant escorted and ultimately pushed Mr. Hanson, the Attorney General has yet to make any such production or identification. Order Reinstating Case 2, ECF No. 24.

10. On information and belief, pursuant to TDCJ protocol, when escorting a handcuffed inmate down stairs, two officers are required to interlock their arms through both of the inmate's arms to prevent the inmate from falling. Further, it is obvious that someone who has their hands handcuffed behind his back would not be able to use his arms to break the fall should one get pushed down the stairs. Furthermore, since the Defendant escorting Mr. Hanson did not have his arm interlocked through Mr. Hanson's arm and only holding onto Mr. Hanson's right sleeve, there would be no way to hold up Mr. Hanson should he trip or be pushed. Mr. Hanson weighed over 200 pounds; holding onto his sleeve with a few fingers would not allow the Defendants to hold him up if Mr. Hanson were to fall.

11. After Mr. Hanson was pushed down the stairs, it was obvious that Mr. Hanson had sustained serious bodily injuries. Despite knowing that Mr. Hanson was severely injured including a large laceration on his head, Defendants Chege and Hershiser waited seven minutes before calling the unit's medical personnel for help.[3] This delay in calling for medical treatment is another example of the sadistic and malicious treatment that these thrust upon Mr. Hanson.

12. When medical staff arrived, Mr. Hanson was severely injured and bleeding on the floor.[4] According to an incident report, licensed vocational nurses ("LVNs") placed Mr. Hanson

---

[3] Martinez R. Ex. A, at 0002 (showing time of incident at 18:13); Martinez R. Ex. C, at 0157 (showing medical unit was called at 18:20).

[4] Martinez R. Ex. C, at 0157 (when medical unit arrived, Mr. Hanson had a "large gash" on his head with "blood noted from head.").

on a back board and put a C-collar on his neck.[5] At this time, Mr. Hanson stopped breathing and had to be revived with an "ambu bag" by the LVNs.[6] He then had to be revived *a second time*.[7]

13. Mr. Hanson was taken to Huntsville Memorial Hospital where he had 19 staples placed in his head and over 20 stitches placed above and below his right eye. Due to the nature of his severe injuries, Mr. Hanson then was life-flighted to Memorial Hermann Hospital in Houston where he underwent eight hours of surgery to address multiple fractures in the front and back of his neck and spine. Mr. Hanson also suffered a broken nose and a fractured knee.

14. Mr. Hanson's injuries continue to impact him today. Mr. Hanson has nerve damage to his spinal cord, causing partially paralyzed hands and fingers. He also has vision issues, great pain in his neck, and is consistently in pain.

15. The lingering impact of Mr. Hanson's injuries causes him to lose his balance and drop items and prevents him from obtaining stable employment. Before the incident, Mr. Hanson worked as a certified mechanic, but he can no longer do this job due to his neck pain and weak hands and fingers. Further, due to his injuries, Mr. Hanson is unable to hold virtually any job because the pain in his fingers makes it difficult to type, his neck pain makes it difficult to sit for more than a couple hours at a time, and the pain in his knees makes it difficult to stand for any extended period of time.

---

[5] Martinez R. Ex. C, at 0157; Martinez R. Ex. G, at 1402.
[6] *Id*.
[7] Am. Compl. 5, ECF No. 6; Pl.'s More Definite Stmt. 5, ECF No. 8.

**PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 4**

# CAUSES OF ACTION

## I. Violation of Eighth Amendment: Excessive Force

16. Mr. Hanson incorporates by reference the allegations in the paragraphs above.

17. At the time of the alleged incident, Mr. Hanson was a prisoner in TDCJ custody, so the Eighth Amendment of the United States Constitution applies to him.

18. Pursuant to the Eighth Amendment, Mr. Hanson had the right to be free from cruel, unusual, and excessive force while under the custody and control of TDCJ officers.

19. While under the Defendants' control, one of the Defendants used excessive and unnecessary force against Mr. Hanson by intentionally pushing him down a flight of stairs while he was handcuffed.

20. The Defendant that pushed Mr. Hanson maliciously and sadistically inflicted pain on Mr. Hanson despite knowing that Mr. Hanson was handcuffed with his hands behind his back, obeyed Defendants, and posed no threat to Defendants' safety. Therefore, the Defendants' actions were not done in good faith to maintain or restore discipline. Instead, they were done for the purpose of harming Mr. Hanson.[8]

21. These actions caused Mr. Hanson to suffer severe injuries including a head laceration, multiple neck and spine fractures, a broken nose, a fractured knee, and severe cuts around his right eye. He still suffers lasting effects from these injuries today including nerve

---

[8] In evaluating an Eighth Amendment Excessive Force claim, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Cowart v. Erwin*, 837 F.3d 444-55 (5th Cir. 2016) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992)).

damage to his spinal cord, causing partially paralyzed hands and fingers, vision issues, and pain in his neck.[9]

22. The Defendants' actions were cruel and unusual punishment in violation of the Eighth Amendment.

23. Mr. Hanson has an actionable claim pursuant to 42 U.S.C. § 1983 since his Constitutional rights were violated. Further, Mr. Hanson is entitled to recover his attorneys' fees, costs, and expenses.

## II. Violation of Eighth Amendment: Inadequate Medical Care

24. Mr. Hanson incorporates by reference the allegations in the paragraphs above.

25. At the time of the alleged incident, Mr. Hanson was a prisoner in TDCJ custody, so the Eighth Amendment of the United States Constitution applies to him.

26. Pursuant to the Eighth Amendment, Mr. Hanson had the right to receive adequate medical care while under the custody and control of TDCJ officers.

27. Mr. Hanson had serious medical needs after he fell down the stairs, sustaining a bleeding head wound among other life-threatening injuries.

28. Defendants Chege and Hershiser demonstrated deliberate indifference to Mr. Hanson's serious medical needs by failing to call for medical help for seven minutes when Mr. Hanson's bleeding head clearly required urgent medical care. As noted above, Mr. Hanson had to be revived twice.

---

[9] To establish an Eighth Amendment Excessive Force claim, "a prisoner must have suffered from the excessive force more than *de minimis* physical injury, but there is no categorical requirement that the physical injury be significant, serious, or more than minor." *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999). However, Mr. Hanson's injuries are, in fact, significant.

29. Mr. Hanson suffered severe injuries including a head laceration, multiple neck and spine fractures, a broken nose, a fractured knee, and severe cuts around his right eye. These injuries were exacerbated by Defendants' failure to take quick action and provide adequate medical care. Mr. Hanson still suffers lasting effects from these injuries today including nerve damage to his spinal cord, causing partially paralyzed hands and fingers, vision issues, and pain in his neck.

30. Defendants' lack of quick action and failure to provide adequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment.

31. Mr. Hanson has an actionable claim pursuant to 42 U.S.C. § 1983 since his Constitutional rights were violated. Further, Mr. Hanson is entitled to recover his attorneys' fees, costs, and expenses.

## JURY DEMAND

32. Mr. Hanson requests a jury trial in this action.

## PRAYER FOR RELIEF

THEREFORE, Mr. Hanson requests at least the following relief ordered by the Court against Defendants including:

A. Compensatory damages against each Defendant, jointly and severally;

B. Punitive damages against each Defendant, jointly and severally;

C. Attorneys' fees, costs, and expenses; and

D. Such other and further relief, at law or in equity, reasonable and just, to which Mr. Hanson may be entitled.

Dated: January 14, 2022.

                                      Respectfully submitted,

                                      BRACEWELL LLP

By:   */s/ Joseph M. Cox*
       Joseph M. Cox
         State Bar No. 04950200
         S.D. Texas Bar No. 20331
       1445 Ross Avenue, Suite 3800
       Dallas, Texas 75202-2724
       Telephone: (214) 758-3800
       Facsimile: (800) 404-3970
       joe.cox@bracewell.com

       **ATTORNEY-IN-CHARGE FOR PLAINTIFF MILES S. HANSON, JR.**

**OF COUNSEL:**
Carlton D. Wilde III
   State Bar No. 24093364
   S.D. Texas Bar No. 2522942
Claire E. Cahoon
   State Bar No. 241207361445
   S.D. Texas Bar No. 3697112
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2781
Telephone: (713) 223-2300
Facsimile: (800) 404-3970
cd.wilde@bracewell.com
claire.cahoon@bracewell.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2022, a copy of the foregoing was served electronically via email on all counsel of record.

By: /s/ Joseph M. Cox
Joseph M. Cox
