UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILES S. HANSON, JR., | § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-20-386 |
| CHARLES K. CHEGE and JOHN HERSHISER III, | § § § § | |
| Defendants. | § § | |

## ORDER ON PENDING MOTIONS AND AMENDING SCHEDULING ORDER

Miles S. Hanson, Jr., proceeding *pro se* and *in forma pauperis*, filed a civil rights action under 42 U.S.C. § 1983 against the Texas Department of Criminal Justice ("TDCJ"), alleging that an unnamed prison guard or guards pushed him down the stairs and that he suffered serious injuries as a result. (Dkt. No. 6). The Court dismissed TDCJ on sovereign immunity grounds. (Dkt. No. 23). The Court then appointed counsel for Hanson, (Dkt. No. 25), and after limited discovery, counsel filed an amended complaint against the two guards who appeared to be involved in the incident. (Dkt. No. 38). On November 5, 2021, the Court entered a Scheduling Order, setting deadlines for pretrial proceedings and scheduling trial to begin on May 8, 2023. (Dkt. No. 37).

On January 31, 2023—the deadline for filing dispositive motions—the defendants filed separate motions for summary judgment. (Dkt. Nos. 55, 56). The same day, Hanson filed a motion for continuance of the discovery period, (Dkt. No. 57), a motion for sanctions, (Dkt. No. 58), a motion to compel inspection of premises, (Dkt. No. 59), and a

motion for leave to file an amended complaint. (Dkt. No. 60). The defendants filed responses in opposition to each of these motions, (Dkt. Nos. 62, 63). Hanson replied to the defendants' responses. (Dkt. Nos. 66, 67). These motions are each addressed briefly below.

A.   **Motion for Leave to File Amended Complaint**

Hanson moved for leave to file a second amended complaint, stating that he intends to add facts designed to prevent the defendants from attacking the amended complaint as "not being accurate as to the timing of the care that Plaintiff received from the medical staff in the prison" after Hanson's fall. (Dkt. No. 60, p. 5). He also seeks to allege a new claim against the defendants in their official capacities as state correctional officers based on an alleged "custom or practice of covering constitutional violations." (*Id.*). Hanson attached a copy of his proposed Second Amended Complaint to the motion. (Dkt. No. 60-2). The defendants oppose this motion, asserting that the alleged discrepancy in the facts is not relevant to the claims raised by the defendants and that the proposed new claim is barred by sovereign immunity. (Dkt. No. 63, pp. 7, 10-11). Hanson's reply does not address the defendants' assertions. (Dkt. No. 67, pp. 2-3).

Leave to amend should be freely granted when justice requires it. *See* FED. R. CIV. P. 15(a). However, when a party seeks leave to amend after the expiration of a court-ordered deadline, the party must first show good cause for modification of the deadline under Federal Rule of Civil Procedure 16(b)(4) before the court will apply the more liberal amendment standard of Rule 15(a). *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). In determining whether good cause exists to modify a court-ordered

2

deadline, courts consider the following factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) any potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.*

In this case, the Scheduling Order set a deadline of January 15, 2022, for amendments to the pleadings, (Dkt. No. 37); however, Hanson's motion seeking leave to file a Second Amended Complaint was not filed until January 31, 2023—more than a year after the deadline. Hanson must therefore show good cause for extending this deadline under Rule 16(b)(4) before the Court considers his motion under the lenient standard of Rule 15(a). But he has failed to show good cause sufficient to warrant extending the previously set deadline for amendments to the pleadings.

Hanson first seeks leave to amend his complaint to "correct the background facts" concerning the timing of the medical treatment he received. (Dkt. No. 60, p. 5). However, Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (cleaned up). Amendment of certain "background facts" at this stage of the litigation is unnecessary. Moreover, the defendants have asserted that the exact timing of Hanson's medical treatment is not a fact they are disputing. Good cause does not exist to amend the Scheduling Order to allow for amending the complaint to "clarify" undisputed background facts.

Hanson also seeks leave to add a claim against the defendants in their official capacities based on "a custom and practice of covering [up] constitutional violations." (Dkt. No. 60, p. 5). In the proposed Second Amended Complaint, Hanson makes clear that he intends this proposed amendment to add a claim for "*Monell* Liability" against the defendants. (Dkt. No. 60-2, p. 7). *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978). Under *Monell*, a municipality may be liable under § 1983 "when a policymaker engages in deliberately indifferent failure to control subordinates in a way likely to result in violation of constitutional rights." *Webb v. Town of Saint Joseph*, 925 F.3d 209, 217 (5th Cir. 2019). But *Monell* liability does not extend to states, their agencies, or their employees acting in their official capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 70-71 (1989). Instead, those entities are protected from a § 1983 claim for damages by the Eleventh Amendment. *Id.* at 71.

Hanson seeks leave to add a new claim that is barred by sovereign immunity. Good cause does not exist to amend the Scheduling Order to allow Hanson to add a futile claim. Hanson's motion seeking leave to file a Second Amended Complaint, (Dkt. No. 60), is **denied**.

B. **Motion for Sanctions**

Hanson has also filed a motion for sanctions, (Dkt. No. 58), alleging that the defendants have engaged in spoliation of evidence and asking the Court to fashion appropriate remedies under Federal Rule of Civil Procedure 37(e). Specifically, Hanson alleges that discovery has revealed information indicating that video footage of the fall and ensuing medical response should have been captured, that the defendants have failed to

4

produce the video footage, that a TDCJ regional director has testified that such footage should exist, and that in light of the seriousness of Hanson's injuries, the defendants' failure to maintain and produce the video footage constitutes spoliation of evidence. (*Id.* at pp. 1-3). The defendants oppose this motion, (Dkt. No. 62), arguing that it is untimely and noting that neither of the defendants, who were "low-ranking correctional officers," had control over the video footage or the authority to either preserve or destroy it. Hanson's reply notes that there is no time limit for filing a motion for sanctions based on spoliation. (Dkt. No. 66, pp. 2-3). He does not address the defendants' authority, or lack thereof, to preserve any video footage that might have existed.

A claim for spoliation of evidence requires the party alleging spoliation to show that "(1) the spoliating party . . . controlled the evidence and [was] under an obligation to preserve it at the time of destruction; (2) the evidence [was] intentionally destroyed; and (3) . . . the spoliating party acted in bad faith." *Coastal Bridge Co., L.L.C. v. Heatec, Inc.*, 833 F. App'x 565, 574 (5th Cir. 2020). In addition, the party claiming spoliation must show that the lost information would be relevant to the issues in the case and that its loss is prejudicial. *See Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010). To prove bad faith, the party claiming spoliation must establish that the spoliating party "*intentionally* destroyed the evidence for the purpose of depriving opposing parties of its use." *Coastal Bridge Co.*, 833 F. App'x at 574. To show relevance, the party alleging spoliation must show that the evidence would have supported his case. "Speculative assertions that the lost evidence would have supported the injured party's claims or defenses are inadequate to justify the severest sanctions." *BridgeTower Opco*

5

*LLC v. Workforce Res. Grp. LLC*, No. 4:21-cv-2999, 2023 WL 361779, at *4 (S.D. Tex. Jan. 23, 2023).

In this case, Hanson alleges no facts showing that the defendants—low-level correctional officers—had control over the alleged video evidence. Absent such control, these defendants had no ability to preserve any video evidence that might have existed or any ability to intentionally destroy it. In addition, claims that video cameras existed in the stairwell where Hanson fell, that they were pointed in such a way so as to capture his fall, and that they actually recorded his fall are speculative at this juncture. *See Green v. Harris Cnty, Tex.*, No. H-16-893, 2019 WL 2617429, at *4-5 (S.D. Tex. June 26, 2019) (refusing to entertain a spoliation claim when the evidence shows that cameras in the relevant areas were not positioned so as to capture video relevant to the plaintiff's claims).

Because Hanson does not allege facts that would support imposing sanctions, his motion for sanctions, (Dkt. No. 58), is **denied** at this time. Should further evidence arise relating to the existence of video footage and the defendants' ability to control that footage, the Court will reconsider imposing sanctions.

### C. Motion to Compel Inspection of Premises

Hanson has also filed a motion seeking permission to inspect the premises where the incident occurred. (Dkt. No. 59). He asks the Court to order that he be permitted to "inspect, survey, photograph, and review the cameras" at TDCJ's Wynne Unit, and specifically the stairwell where the incident occurred and the adjacent picket area. The defendants respond that Hanson should not personally be permitted to inspect the prison where he served time and that the motion is untimely since it was filed after the discovery

6

period was over. (Dkt. No. 63, pp. 13-14). Hanson replies that the request seeks leave to permit counsel to inspect the premises. (Dkt. No. 67, pp. 4-5). Hanson also contends that prior counsel for the defendants agreed to permit an inspection of the Unit should the case go to trial, but successor counsel will not honor this agreement. (*Id.*).

The Court notes that the defendants' motions for summary judgment are currently pending. (Dkt. Nos. 55, 56). Hanson's motion to compel inspection, (Dkt. No. 59), is **denied without prejudice** to reconsideration should the defendants' motions for summary judgment be denied.

### D. Motion for Continuance

Finally, Hanson has filed a motion for continuance of the trial date, (Dkt. No. 57), alleging that counsel for the defendants has failed and refused to produce Defendant Hershiser for deposition. Hanson also alleges that the defendants have failed to timely disclose discoverable documents and did not identify witnesses with relevant information until after the formal discovery period had closed. (*Id.* at 2-3). He seeks a three-month extension of the remaining deadlines and the trial date. (*Id.* at 3). The defendants oppose the continuance, asserting that Hanson has had more than sufficient time to conduct discovery and that he failed to notice Hershiser for deposition. (Dkt. 63, pp. 4-9). Hanson replies that prior counsel agreed to produce Hershiser without formal notice and that the proposed short delay will not prejudice the defendants. (Dkt. No. 67, pp. 3-4).

It appears from the records before the Court that Hanson did not notice Hershiser for deposition in reliance on prior counsel's agreement to produce him. Successor counsel cannot fault Hanson for relying on the express agreements and representations of prior

7

counsel. Therefore, the Court **grants** Hanson's motion for a continuance of the discovery period and the trial date. (Dkt. No. 57). The amended scheduling order will be as follows:

| | |
|---|---|
| April 3, 2023 | **DISCOVERY**<br>Counsel may, by agreement, continue discovery beyond the deadline. |
| May 5, 2023 | **MOTIONS DEADLINE**<br>Including any motion challenging an expert witness (only motions in limine on issues other than experts may be filed after this date). The motion deadline may <u>not</u> be changed by agreement. |
| July 14, 2023 | **JOINT PRETRIAL ORDER**<br>THE DEFENDANTS shall supply the Plaintiff with a final version of its pretrial order by this date. (Where available, the Defendants should supply the Plaintiff with an electronic copy.) |
| July 28, 2023 | THE PLAINTIFF is responsible for filing the pretrial order on this date. All Motions in Limine must also be filed by this date. |
| September 15, 2023 | **DOCKET CALL** is set at 1:30 p.m. in Courtroom 8C. |
| September 18, 2023 | **TRIAL** is set at 9:00 a.m. in Courtroom 9A Case is subject to being called to trial on short notice during the two-week period beginning on this date. |

The Court shall enter this Order and provide copies to the parties.

SIGNED at Houston, Texas on  MAR 1 5 2023  .

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

8