United States District Court
Southern District of Texas
**ENTERED**
November 07, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILES S. HANSON, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-386 |
| | § | |
| CHARLES K. CHEGE, and | § | |
| JOHN HERSHISER, III, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

At all times relevant to this case, Miles S. Hanson, Jr. was an inmate in Wynne Unit of the Texas Department of Criminal Justice ("TDCJ"), and the defendants were corrections officers at the Wynne Unit. Hanson filed suit under 42 U.S.C. § 1983 alleging that the defendants used excessive force, and exhibited deliberate indifference to Hanson's safety and to his serious medical needs. He seeks compensatory and punitive damages.

The defendants now each move for summary judgment. Based on the pleadings, the motions, Hanson's responses, the record, and the applicable law, defendant Charles K. Chege's motion is granted, and defendant John Hershiser, III's motion is granted in part and denied in part. The reasons for this decision are set out below.

### I. Background

On January 27, 2018, Hanson got into a fight with his cellmate. Chege Motion for Summary Judgment ("CMSJ") (Docket Entry No. 55), Exh. A at 23:15-22. Chege responded to the fight. CMSJ, Exh. D at 1402.

1

Chege escorted the cellmate from the scene, CMSJ, Exh. A at 24:19-25:12, 28:18-20, 29:21-30:12, and defendant Hershiser cuffed Hanson's hands behind his back and then escorted him toward the unit infirmary. *Id.* at 25:16-21, 32:6-12. Hershiser held Hanson by the shirt, *id.* at 20:11-21:8, 32:10-17. Hanson contends that this was not proper procedure. They approached a stairway, and Hanson fell down a flight of stairs. He alleges that one of the defendants either pushed him, or that he fell because Hershiser was not properly supporting him while walking in hand restraints. It is undisputed that Hanson fell down the stairs and suffered serious physical injuries. *Id.* at 35:10-36:14.

After EMS arrived, Hanson had to be resuscitated. CSJM, Exh. D at 1402. He was taken to Huntsville Memorial Hospital where he received 19 staples in his head and more than 20 stitches around his right eye. He was then life flighted to Memorial Hermann Hospital in Houston where he underwent surgery to repair multiple fractures to his neck and spine. He also suffered a broken nose and a fractured knee.

## II.  **Standard of Review**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts

showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

> If the movant . . . meet[s] th[e] burden [of demonstrating the absence of a genuine issue of material fact], the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.
>
> This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by "unsubstantiated assertions, or by only a scintilla of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotation marks omitted).

### III.  Analysis

Hanson contends that the defendants violated his Eighth Amendment rights when one of them used excessive force by pushing him down the stairs or, in the alternative, exhibited deliberate indifference to his safety by failing to properly support and restrain him while escorting him down the stairs. He further contends that both defendants exhibited deliberate indifference to his serious medical needs by delaying in calling for medical help after he fell.

#### A.  Motion to Supplement

As a preliminary matter, defendant Hershiser moves for leave to supplement his motion for summary judgment with his deposition transcript. Hanson opposes the motion because Hershiser fails to cite to any particular portion of his deposition in support of his motion for

3

summary judgment as required by Fed. R. Civ. P. 56(c)(1)(A). In the alternative, Hanson cites specific portions of the deposition that he claims support his position and urges the Court to consider these if the motion is granted.

Because Hershiser's deposition serves to create a more complete record, the motion to supplement (Docket Entry No. 82) is granted. The Court will consider relevant portions of the deposition.

### B. <u>Excessive Force</u>

In assessing a claim that a prison official used excessive force, the question to be answered is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)(internal quotation marks and citations omitted).

The Fifth Circuit has identified several factors to consider:

> 1. the extent of the injury suffered;
> 2. the need for the application of force;
> 3. the relationship between the need and the amount of force used;
> 4. the threat reasonably perceived by the responsible officials; and
> 5. any efforts made to temper the severity of a forceful response.

*Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992).

### 1. <u>Defendant Chege</u>

Citing Hanson's deposition testimony, defendant Chege argues that he did not escort Hanson, was not present when Hanson fell, and therefore cannot be liable for any use of excessive force causing the fall. CMSJ, Exh. A at 30:10-16, 32:6-12.

Hanson does not dispute that Chege did not accompany him. Instead, Hanson complains

4

that a witness who, according to Hanson, stated that Hershiser accompanied Hanson, has not been made available for a deposition. Hanson acknowledges that this witness identified Hershiser as the officer accompanying Hanson and identifies no basis to believe that this witness would contradict Hanson's own identification of Hershiser as the accompanying officer.

Hanson further argues that Chege may have seen Hershiser holding Hanson by the shirt instead of grasping Hanson's arm, as required by TDCJ policy. Even if true, this argument suggests either than Chege was negligent in not speaking up or, if Chege was in a supervisory position, that he is responsible for the misconduct of his subordinate. Neither argument is sufficient to withstand summary judgment.

As noted above, the Supreme Court has held that a claim of excessive force must show that the force was applied "maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Hanson's response does not suggest that Chege applied force at all.

To the extent that Hanson argues that Chege's failure to speak up amounts to deliberate indifference to a serious risk of harm, the argument also fails. "Deliberate indifference" is more than mere negligence, .but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The record, however, makes clear that Chege left the scene with Hanson's cellmate before Hanson and Hershiser left. There is no basis for inferring that Chege saw how Hershiser was holding Hanson because Chege was already gone. Hanson makes no argument supporting a claim that that Chege deliberately ignored a substantial risk of injury.

Finally, if Hanson intends to argue that Chege was in a supervisory role and therefore bears responsibility for Hershiser's alleged misconduct, the claim also fails. It is well

established that supervisory officials cannot be held vicariously liable under 42 U.S.C. § 1983 for acts of their subordinates on a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). For these reasons, Chege is entitled to summary judgment on Hanson's excessive force claim.

### 2. Defendant Hershiser

Hershiser argues that, while Hanson alleges that he was pushed down the stairs, he testified that the last thing he remembered was walking toward the stairs with his hands restrained behind his back before waking up in the hospital six days later. HMSJ, Exh. A at 33:19-34:4. Hanson responds that the record shows the existence of at least one witness – another inmate -- who claims to have seen Hershiser push Hanson down the stairs. Hanson states that he has requested the deposition of this witness, but that TDCJ has not produced him. Hanson submits his own sworn declaration identifying the witness, and identifying another witness's statement suggesting that Hanson was pushed. *See* Response to HMSJ (Docket No. 69), Exh. A. This is sufficient to demonstrate the existence of a genuine issue of material fact. *See Bourne v. Gunnels*, 921 F.3d 484, 492-93 (5th Cir. 2019)(finding that the plaintiff's "own sworn declaration, medical records documenting his injuries resulting from the use of force, and unsworn declarations of inmates who allegedly witnessed the event" were sufficient to raise a genuine issue of material fact). Hershiser is not entitled to summary judgment on Hanson's excessive force claim.

### C. Deliberate Indifference

Hanson alleges that the defendants delayed by several minutes calling for medical help

after he fell down the stairs. He contends that this alleged delay constitutes deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. Hanson also argues as an alternative to his excessive force claim that Hershiser was deliberately indifferent to his safety by holding him by the sleeve while escorting him.

The Eighth Amendment "establish[es] the government's obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Thus, an Eighth Amendment violation may occur where "denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose." *Id.* To rise to the level of a constitutional violation, however, prison officials must exhibit deliberate indifference to the prisoner's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference" is more than mere negligence, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Rather, deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836.

> Deliberate indifference is an extremely high standard to meet . . . [T]he plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."

*Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)(quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

### 1. **Defendant Chege**

Chege argues that he cannot have been deliberately indifferent because he was not

present when Hanson fell, CMSJ, Exh. A at 30:10-16, 32:6-12, and did not see Hanson fall, *id.*, Exh. B at 39:23-40:2. Indeed, if Chege was unaware of Hanson's fall and resulting injuries, he cannot have been deliberately indifferent to the medical needs arising from those injuries.

Hanson presents no evidence contradicting his testimony that Chege was not present because he was escorting Hanson's cellmate. Instead, he argues that the defendants had failed to produce Hershiser for deposition by the time of Hanson's response, and have failed to produce video of the incident. But Hanson himself testified that Chege escorted the cellmate and left before Hanson and Hershiser left the cell. Hanson's response therefore comes down to the hope that some as yet undisclosed evidence would contradict Hanson's own testimony. This hypothetical argument is not sufficient to raise a genuine issue of material fact. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Chege is entitled to summary judgment on the deliberate indifference claim.

### 2. **Defendant Hershiser**

Hanson claims that Hershiser was deliberately indifferent both to Hanson's safety and to his medical needs.

#### a. **Medical Needs**

The record contains evidence that Hershiser applied pressure to Hanson's head laceration after Hanson fell, and that a corrections Lieutenant who was on the scene promptly called for medical attention. CSMJ, Exh. D at 402. Hanson presents no evidence to the contrary and does not even address the evidence on this claim in his response to Hershiser's summary judgment motion. Because the undisputed evidence shows that Hershiser promptly attempted to

8

provide first aid and that medical personnel were immediately called to the scene, there is no genuine issue of material fact as to whether Hershiser was deliberately indifferent to Hanson's serious medical needs, and Hershiser is entitled to summary judgment on this claim.

### b. Safety

As an alternative to his excessive force claim, Hanson contends that Hershiser exhibited deliberate indifference to his safety by failing to abide by TDCJ policy and maintaining a secure hold on Hanson, instead holding him by the shirt so that he was unable to stop Hanson's fall on the stairs.

> [A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious, . . . a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.

*Farmer v. Brennan,* 511 U.S. 825, 834 (1994)(internal quotation marks and citations omitted). The official must also be deliberately indifferent to the risk of serious harm. Deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836.

On the current record, the evidence shows that, contrary to TDCJ policy, Hershiser held Hanson by the shirt. Hershiser knew that Hanson's hands were restrained behind his back, making it impossible for Hanson to use his hands to break a fall. It is reasonable to infer that Hershiser also knew that they would be walking down stairs with its attendant risk of falling. It is therefore entirely possible that a factfinder could conclude that, in failing to maintain a secure

hold, Hershiser recklessly disregarded the risk that Hanson would fall and be unable to protect himself. Hershiser is not entitled to summary judgment on this claim.

### D. Qualified Immunity

Both defendants argue that they are qualifiedly immune from liability for Hanson's claims. "The doctrine of qualified immunity shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law." *Elder v. Holloway*, 510 U.S. 510, 512 (1994). The Fifth Circuit has held that, to overcome qualified immunity, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law *in the circumstances*." *Pierce v. Smith*, 117 F.3d 866, 882 (5th Cir. 1997) (internal quotation marks and citation omitted).

As discussed above, defendant Chege is entitled to summary judgment on the merits of Hanson's claims; there is no genuine issue of material fact that Chege did not violate Hanson's rights. Therefore, no qualified immunity analysis is necessary with regard to Chege.

There is, however, a genuine issue of fact as to whether Hershiser pushed Hanson down the stairs or exhibited deliberate indifference to Hanson's safety by holding Hanson incorrectly and in violation of TDCJ policy while he walked down the stairs with his hands restrained behind him. There can be no serious claim that the use of excessive force was not clearly established as an Eighth Amendment violation long before the incident giving rise to this lawsuit. *See, e.g., Hudson v. McMillian*, 503 U.S. 1 (1992). Similarly, it has long been established that deliberate indifference to an inmate's safety violates the Eighth Amendment. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

10

At this juncture, there are genuine questions regarding Hershiser's conduct as he escorted Hanson which could allow a jury to find that Hershiser either used excessive force or was deliberately indifferent to Hanson's safety. Because either finding would establish the violation of a clearly established constitutional right, Hershiser is not entitled to qualified immunity.

## IV. Conclusion

For the foregoing reasons, it is **ORDERED** as follows:

1. Defendant Hershiser's Motion to Supplement his motion for summary judgment (Docket Entry No. 82) is **GRANTED**;

2. Defendant Chege's Motion for Summary Judgment (Docket Entry No. 55) is **GRANTED** and all claims against Chege are **DISMISSED WITH PREJUDICE**; and

3. Defendant Hershiser's Motion for Summary Judgment (Docket Entry No. 56) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to Hanson's claim that Hershiser was deliberately indifferent to his serious medical needs, and that claim is **DISMISSED WITH PREJUDICE**. The motion is in all other respects **DENIED**.

SIGNED at Houston, Texas on ____NOV 0 7 2023____

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE